**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-1307**

───────────────

RAJAN PATEL,

        Plaintiff - Appellant,

    v.

UNIVERSITY OF MARYLAND,

        Defendant - Appellee.

───────────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Lydia Kay Griggsby, District Judge.  (8:20-cv-03070-LKG)

───────────────

Submitted:  October 20, 2023                Decided:  November 8, 2023

───────────────

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Rajan Patel, Appellant Pro Se.  Jennifer Ann DeRose, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rajan Patel appeals the district court's order dismissing his civil action for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted.[*] On appeal, we confine our review to the issues raised in the informal brief. *See* 4th Cir. R. 34(b). Because Patel's informal brief does not challenge the bases for the district court's disposition of his claim under the Fair Credit Billing Act, 15 U.S.C. §§ 1666-1666j, he has forfeited appellate review of that claim. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."). Turning to the issue preserved for appellate review, we have reviewed the record and find no reversible error in the district court's disposition of Patel's request for declaratory relief. Accordingly, we affirm. *Patel v. Univ. of Md.*, No. 8:20-cv-03070-LKG (D. Md. Feb. 15, 2023). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] The University of Maryland seeks dismissal of this appeal as untimely. However, because the district court did not enter a separate judgment as required by Fed. R. Civ. P. 58(a), the district court's February 15, 2023, order is considered entered, for the purposes of Rule 4(a)(1)(A), 150 days after its entry on the court's docket. *See* Fed. R. App. P. 4(a)(7)(A); Fed. R. Civ. P. 58(c)(2). Patel's March 20, 2023, notice of appeal is therefore timely.